UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HASANI JACKSON,

     Plaintiff,

v.                                                                Case No. 8:26-cv-01339-KKM-LSG

FLORIDA DEPARTMENT OF
REVENUE CHILD SUPPORT
PROGRAM, and TIMOTHY SIERRA,
in his official capacity,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

The *pro se* plaintiff Hasani Jackson sues the the defendants "Florida Department of Revenue Child Support Program" and Timothy Sierra, under Section 1983, of Title 42, United States Code, and the Fourteenth Amendment, for actions arising from child support proceedings.[1] Doc. 7. Jackson moves to proceed without pre-paying the filing fee. Doc. 2; 28 U.S.C. § 1915. Because the complaint fails to state a claim for relief under Rule 8, Federal Rules of Civil Procedure, I recommend (1) denying the motion without prejudice and (2) dismissing the complaint without prejudice.

---

[1] Jackson's initial complaint failed to comply with Rule 11(a), Federal Rules of Civil Procedure. *See* Docs. 1, 3, 5. After filing two amended complaints, he cured the defect in his second amended complaint. *See* Docs. 6, 7.

1

## I.   BACKGROUND

Jackson invokes federal question jurisdiction and sues under Section 1983 to challenge the constitutionality of his child support proceedings in state court. Docs. 7, 9; 42 U.S.C. § 1983; 28 U.S.C. § 1331. During child support establishment and enforcement proceedings between 2022 and 2025, the Florida Department of Revenue Child Support Program and attorney or representative Timothy Sierra evaluated Jackson's income, employability, and earning capacity. Doc. 7, ¶¶ 4–5, 10. Jackson presented medical evidence of his 2015 workplace injury, spinal surgeries, and ongoing Social Security disability claims. Doc. 7, ¶¶ 7–10. The defendants acknowledged the existence of Jackson's medical issues and disability but ultimately discounted this evidence, characterized his unemployment as "voluntary," and drew money from his workers' compensation proceeds. Doc. 7, ¶¶ 11–13 (explaining that "substantial portions of those proceeds were intercepted, depleted, or otherwise unavailable").

Jackson seeks relief and argues that the defendants violated his Fourteenth Amendment right to procedural due process by using "unfair" and unconstitutional methods to adjudicate his child support obligations. Doc. 7, ¶¶ 13–14, 19 (alleging that the defendants relied on "selective financial inferences and isolated temporary resources in support of earning-capacity assumptions"). Jackson clarifies that he seeks no appellate review nor modification of any domestic-relations action or state family-court order. Doc. 7 at 1.

## II.   DISCUSSION

### A. Standard of review.

In a civil action, the clerk of court must collect a filing fee from the initiating party. 28 U.S.C. § 1914. A party may avoid paying the fee by submitting an affidavit showing that "the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, before a party can proceed without paying the fee, Section 1915 requires review and dismissal if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

To state a claim, a complaint must contain a short and plain statement of the grounds for jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. FED. R. CIV. P. 8(a)(1)–(3); *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016). A pleading must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and must state "each claim founded on a separate transaction or occurrence . . . in a separate count." FED. R. CIV. P. 10(b). These pleading requirements work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which

3

claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege facts supporting an entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint's legal theories lack merit or if the complaint's factual allegations fail to state a plausible claim for relief, dismissal may occur before service of process. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). Although *pro se* pleadings receive a favorable construction, a *pro se* plaintiff must nonetheless satisfy the pleading requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**B. The complaint fails to state a claim under Section 1983 against Timothy Sierra and the Florida Department of Revenue Child Support Program.**

Section 1983 creates civil liability for any person who, under color of state law, violates a person's constitutional rights. 42 U.S.C. § 1983. "The purpose of [Section] 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

4

Traditionally, a state actor is a government entity or public official acting in an official capacity. *See West v. Atkins*, 487 U.S. 42, 49 (1988). However, a private individual or entity may also qualify as a state actor if they engage in certain actions, such as acting under State compulsion, performing a traditionally exclusive public function, or participating jointly with the State in an interdependent enterprise. *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). Only in rare circumstances can a private party be viewed as a 'state actor' for [S]ection 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *see also Hogue*, 241 F.3d at 1347.

Timothy Sierra is not a state actor subject to liability under Section 1983. Jackson claims that Timothy Sierra acted under color of state law when Sierra participated as an attorney or representative in the underlying child support proceeding. Doc. 7, ¶ 5. A private attorney, however, does not act under color of law when representing a client in domestic relations or other civil matters. *See Huls v. Llabona*, 437 F. App'x 830, 832 (11th Cir. 2011) (per curiam); *see also Lewis v. Castro*, No. 24-CV-1608, 2024 WL 5673709, at *2 (M.D. Fla. Sept. 12, 2024), *report and recommendation adopted*, No. 24-CV-1608, 2024 WL 5673724 (M.D. Fla. Nov. 25, 2024) (explaining that a "[p]laintiff cannot state a claim against the attorney who represented the petitioner in the state child support proceeding.").

Jackson also fails to satisfy any of the rare circumstances where a private individual may qualify as a state actor. Jackson does not show (1) that "the State coerced or significantly encouraged" the alleged constitutional violation of due

process; (2) that Timothy Sierra "performed a public function that was traditionally the exclusive prerogative of the State[;]" or (3) that the State acted as a "joint participant" in an interdependent enterprise with Timothy Sierra. *See Hogue*, 241 F.3d at 1347.

Additionally, Jackson's claim against the Florida Department of Revenue Child Support Program is barred under the Eleventh Amendment, which provides immunity to states from federal lawsuits. *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1231 (11th Cir. 2000). This immunity extends to the Florida Department of Revenue. *Royster v. Fla. Dep't of Revenue*, No. 23-CV-614, 2023 WL 6882344, at *5 (M.D. Fla. Sept. 13, 2023), *report and recommendation adopted*, No. 23-CV-614, 2023 WL 6878992 (M.D. Fla. Oct. 18, 2023) (explaining that as a State agency, the Florida Department of Revenue is entitled to Eleventh Amendment immunity).

Furthermore, Jackson's amended complaint contains no factual allegation to overcome Eleventh Amendment immunity. *Ex parte Young*, 209 U.S. 123 (1908), recognizes an exception to Eleventh Amendment immunity when a party sues for prospective injunctive relief in "challenging the constitutionality of a state official's action," because such a lawsuit is deemed a lawsuit against the official and "not . . . against the State." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). However, the *Ex parte Young* exception applies only to a claim against a state official and not to a claim against "the States or their agencies, which retain their immunity against all suits in federal court." *Puerto Rico Aqueduct & Sewer Auth. v.*

*Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). For this exception to apply, a complaint must allege "an ongoing violation of federal law and seek[] relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Because the amended complaint seeks an award of damages, Doc. 7 at 5, cites no "ongoing violation of federal law[,]" and seeks no "prospective" relief, the exception recognized in *Ex parte Young* is inapplicable. *See* Doc. 7, ¶¶ 18–21.

The two other exceptions to Eleventh Amendment immunity are similarly inapplicable. An exception applies if a state expressly waives its immunity under the Eleventh Amendment. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99. Although Florida has expressly waived immunity for lawsuits raising traditional tort claims under Section 768.28(1), Florida Statutes, Florida has not waived immunity for a civil rights action against a state agency under Section 1983. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986) (holding that Florida's waiver of immunity is limited to traditional torts and "does not constitute consent to suit in federal court under [Section] 1983."). For the final exception, "Congress has power with respect to the rights protected by the Fourteenth Amendment to abrogate the Eleventh Amendment immunity[.]" *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99. However, Congress has not abrogated Eleventh Amendment immunity for Section 1983 claims. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Thus, none of the exceptions to Eleventh Amendment immunity apply to Jackson's Section 1983 claim against the Florida Department of Revenue Child Support Program.

Finally, Jackson appears to challenge the defendants' removal of his workers' compensation benefits to pay his child support obligations. Doc. 7, ¶ 12. Although Section 440.22, Florida Statutes, generally shields workers' compensation benefits from creditors, this exemption "does not extend to claims based on an award of child support or alimony." Therefore, the Florida Department of Revenue may lawfully garnish workers' compensation settlements to satisfy outstanding child support.

### C. Because this action derives from an ongoing domestic relations dispute over child support, abstention may be warranted.

"The federal judiciary has traditionally abstained from deciding cases concerning domestic relations." *Ingram v. Hayes*, 866 F.2d 369, 369 (11th Cir. 1988). Because of this, "federal courts generally dismiss cases involving divorce and alimony, child custody, visitations rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Id.* at 369. The policies favoring abstention include "'the strong state interest in domestic relations matters, the competency of state courts in settling family disputes, the possibility of incompatible federal and state decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts.'" *Id.* at 369–70 (quoting *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978)). As directed in *Ingram*, abstention and dismissal are warranted "if hearing the claim would mandate inquiry into the marital or parent-child relationship." *Id.* at 370.

Although Jackson appears to seek no relief directly impacting his underlying domestic-relations action in state court, the relief Jackson seeks could result in incompatible or conflicting state and federal orders. His state domestic-relations action is ongoing, with the most recent order occurring in that case on June 9, 2026.[2] *Jackson v. Jackson*, No. 20-DR-006521, Doc. 204 (Fla. 13th Cir. Ct. May 28, 2020). To the extent that Jackson challenges the procedures used to calculate his child support payments, Doc. 7, ¶ 19, that court is in the best position to evaluate the claim of improper calculation or unconsidered medical evidence and, if necessary, to modify or enforce the order. *See Glegg v. Van Den Hurk*, 379 So. 3d 1171, 1173 (Fla. 4th DCA 2024) (recognizing that, "[i]n the time that a defendant in a civil suit has to file a motion to dismiss, a family court judge can hold a hearing, take evidence, and fashion a remedy."). Thus, dismissal appears warranted under the abstention principle articulated in *Ingram*.

### D. Leave to amend should be denied.

A district court typically must provide a *pro se* plaintiff with notice of the intent to dismiss and an opportunity to respond. *See Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Quire*,

---

[2] *See* Fed. R. Evid. 201; *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (approving judicial notice of a document filed in another court "not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and related filings.").

2021 WL 3238806, at *1; *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). Jackson amended his complaint twice already. Docs. 6, 7; FED. R. CIV. P. 15(a). Based on the absence of a plausible Section 1983 claim under any construction of the facts and the abstention doctrine articulated in *Ingram*, I find that further amendment would be futile. Thus, I recommend dismissing the amended complaint without leave to amend.

## III.    CONCLUSION

For the reasons explained in this report, I recommend denying the motion to proceed *in forma pauperis*, Doc. 2; dismissing the amended complaint without leave to amend; terminating any pending motion; and closing the case.

**ORDERED** in Tampa, Florida, on this 11th day of June, 2026.

LINDSAY S. GRIFFIN
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).  If the parties wish to expedite the resolution of this matter, they may promptly file a notice of no objection.

11