**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HASANI JACKSON,

      Plaintiff,

v.                                                    Case No. 8:26-cv-1339-KKM-LSG

FLORIDA DEPARTMENT OF
REVENUE CHILD SUPPORT
PROGRAM, and TIMOTHY
SIERRA,

      Defendants.

_____

## ORDER

On June 11, 2026, the United States Magistrate Judge entered a Report

and Recommendation, recommending that I deny Plaintiff Hasani Jackson's

motion to proceed in forma pauperis, dismiss Jackson's complaint without

leave to amend, and close this case. *See* R. & R. (Doc. 10) at 10. Jackson timely

objects. Objs. (Doc. 11). I adopt the Report and Recommendation over Jackon's

objections for the reasons stated below.

Jackson brings only a Section 1983 claim averring that the defendants

deprived Jackson of procedural due process in various "child-support and

establishment and enforcement proceedings conducted between approximately

2022 and 2025." *See* 2d Am. Compl.[1] (Doc. 7) ¶¶ 10, 15–21. Jackson seeks compensatory damages, "declaratory and equitable relief as permitted by law," and "costs and any further relief the Court deems just and proper." *See id.* at 5 (Prayer for Relief). Defendant Florida Department of Revenue Child Support Program (the Department) is "a governmental entity . . . responsible for child-support establishment and enforcement proceedings within the State of Florida." *Id.* ¶ 4. Defendant Sierra is an attorney who participated in "the child-support proceedings complained of." *Id.* ¶ 5.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994) (per curiam); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

---

[1] Although Jackson labels the operative complaint "Amended Complaint," it is the second amended complaint. *See* Compl. (Doc. 1); Am. Compl. (Doc. 6); 2d Am. Compl.

The Report and Recommendation is summarized thus: the Magistrate Judge concludes that the complaint fails to state a claim under Section 1983 against either defendant. R. & R. at 4. The claim fails against Sierra because he is not a state actor and does not fall into any of "the rare circumstances where a private individual may qualify as a state actor." *Id.* at 5. The claim against the Department is barred by the Eleventh Amendment and there are no allegations that would allow for the *Ex parte Young* exception to apply. *Id.* at 6–7. Further, Florida has not waived Eleventh Amendment immunity for civil rights actions against state agencies under Section 1983 and Congress has not abrogated Eleventh Amendment immunity for Section 1983 claims. *Id.* at 7. Even if the complaint avoided the foregoing issues, abstention would be warranted because the action concerns domestic relations. *Id.* at 8–9. Lastly, leave to amend should be denied because Jackson has amended his complaint twice already and there is no plausible Section 1983 claim under any construction of the facts and, even if there were, abstention would be warranted. *Id.* at 9–10.

Jackson raises five objections—none of which identify any case law or other authority in support. Instead of calling into question the Magistrate Judge's conclusions, the objections reinforce that this action is due to be

3

dismissed. None of Jackson's objections respond to the Magistrate Judge's conclusions regarding the unavailability of a Section 1983 claim against Sierra.

I begin with Jackson's fourth objection—that his claim is sufficiently distinct "from the underlying domestic-relations proceedings" such that abstention is unwarranted. Objs. at 9. "The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation[] rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Ingram v. Hayes,* 866 F.2d 368, 369 (11th Cir. 1988) (per curiam).

Somewhat belying Jackson's other objections, which claim that prospective injunctive relief through *Ex parte Young* is available to him as a remedy, Jackson states that he "does not seek modification of child-support obligations, recalculation of arrears, [or] review of state-court judgments." *See* Objs. at 4–9. He avers that he merely challenges unconstitutional conduct that happened to occur in the "child-support context." *See id.* at 9–10.

Even still, abstention is warranted. There is a split as to whether the domestic relations abstention should apply in cases invoking federal question jurisdiction. *Ingram,* 866 F.2d at 370–72. Although the Eleventh Circuit has

4

not answered this question, it noted that, ordinarily, courts apply the exception in such cases only "when the federal court would necessarily become enmeshed in the domestic factual disputes." *Id.* at 372. The crux of Jackson's claim is that the Department improperly weighed or rejected his evidence "[d]uring child-support establishment and enforcement proceedings[,]" thus violating his due process rights by determining and enforcing Jackson's child support obligations in an arbitrary manner. *See, e.g.*, 2d Am. Compl. ¶¶ 10, 19–20. Assuming that a procedural due process claim could be founded on such allegations, to resolve Jackson's claim would require me to become embroiled in the child support proceeding and its accompanying factual disputes regarding Jackson's medical condition, ability to work, and the financial needs of any children that are the subject of the proceeding. *Cf. Ingram*, 866 F.2d at 372 ("Because Ingram's claim merely requires the district court to consider the constitutionality of the Alabama court's [notice] procedures, resolution of this issue does not require the court to delve into the parties' domestic affairs.").

The domestic-relations case is ongoing, *see* R. & R. at 9, and it is plausible that Jackson will be subject to more enforcement proceedings. *See* 2d Am. Compl. ¶¶ 12–13 (describing Jackson's "unemployment and ongoing medical deterioration," and his workers' compensation payments as "temporary resources," calling into question Jackson's ability to pay child support). Thus,

any order declaring unconstitutional the Department's past conduct, such as its conclusions regarding evidentiary disputes over the impact of Jackson's "ongoing medical complications" on his ability to work, would undoubtedly interfere with future enforcement proceedings. *See id.* ¶¶ 7, 10–13, 19.

Further, Jackson's representations that this lawsuit, even without a request for injunctive relief, could provide prospective relief and that the Department continues to rely on the purportedly unconstitutional "determinations" for "continuing administration of child-support obligations," suggest that Jackson might seek to use a ruling in his favor in this action to alter his child support obligations in the separate state action. *See* Objs. at 5–6. I overrule Jackson's fourth objection.

Jackson's first three objections all resist the conclusion that *Ex parte Young* is not applicable. In sum, he contends that there is an ongoing violation of federal law, that prospective relief is available to remedy this, and that *Ex parte Young* applies. Objs. at 4–8. These representations contradict his complaint, which does not request an injunction, does not name a state officer as a defendant, and claims to seek no "appellate review of domestic-relations rulings or modification of state family-court orders." *See* 2d Am. Compl. at 1, 4–5 (Introduction, Conclusion, Prayer for Relief).

6

If his arguments accurately characterized the nature of his action, it would only reinforce the necessity of applying domestic relations abstention. Any prospective injunctive relief that determines which "evidentiary treatment," "governmental decision-making," or "enforcement actions" do not violate Jackson's due process rights would necessarily interfere with the ongoing state court domestic relations proceedings. *See id.* at 4 (Conclusion); R. & R. at 9 (noting that Jackson's "state domestic-relations action is ongoing"). I overrule these objections.

Jackson's fifth objection is that the Report and Recommendation erroneously concludes that amendment is futile. Objs. at 10–12. Jackson does not specifically identify how he could amend to cure the issues. Rather, he argues that because the first four objections are correct, amendment would not be futile. *See id.* at 10 ("The determination that amendment would serve no purpose depends substantially upon several underlying conclusions that Plaintiff has specifically challenged through these objections."). Further, he states that the Report and Recommendation's "concerns do not necessarily establish incurable defects. Rather, they concern matters capable of clarification through more precise pleading." *Id.* at 11. Beyond bald statements, such as that a third "amended complaint could more precisely identify the governmental practices challenged, the actors responsible for those

7

practices, the conduct attributed to each, and the relationship between the constitutional injuries alleged and the relief sought," Jackson does not explain what "more precise pleading" he could provide. *Id*. I overrule this objection.

After reviewing the record and Jackson's arguments, I overrule Jackson's objections to the Magistrate Judge's conclusions. I adopt the Magistrate Judge's Report and Recommendation in full.

Accordingly, the following is **ORDERED:**

1. Jackson's Objections to the Magistrate Judge's Report & Recommendation (Doc. 11) are **OVERRULED.**

2. The Magistrate Judge's Report and Recommendation (Doc. 10) is **ADOPTED** and made a part of this Order for all purposes.

3. Jackson's Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED.**

4. Jackson's Second Amended Complaint (Doc. 7) is **DISMISSED without leave to amend**.

5. This action is **DISMISSED without prejudice**.

6. The Clerk is directed to **ENTER JUDGMENT**, which shall read: "This case is dismissed without prejudice."

7.  The Clerk is further directed to **TERMINATE** any pending motions,

hearings, and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on June 29, 2026.

Kathryn Kimball Mizelle
United States District Judge

9